**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

```
UNITED STATES OF AMERICA        :
                                :
v.                              :
                                : Civil Action No. WMN-07-363
ONE YELLOW 1999 FORD MUSTANG    :
VIN 1FAFP4046XF163104           :
```

**MEMORANDUM**

On or about August 15, 2006, agents of the United States Immigration and Customs Enforcement Agency seized the 1999 Ford Mustang that is the subject of this forfeiture action pursuant to a seizure warrant issued July 10, 2006.  In a verified complaint filed on or about February 8, 2007, the government asserted that the vehicle was owned by Santos Gonzales-Villa and was purchased with the proceeds of his illegal drug trafficking.  The United States Marshal Service arrested the vehicle on February 20, 2007, and on March 5, 2007, notice of the pendency of this forfeiture action was published in the Baltimore Sun, pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Supplemental Rules).  The government also attempted to give direct notice to Zitlali Tentory, an individual that the government believed might assert an interest in the vehicle,[1] by sending a letter on February 23, 2007, to Buxton

---

[1] Under Rule G(4) of the Supplement Rules, the government must send notice of the action and a copy of the complaint "to

Bailey, an attorney who the government believed was representing Tentory.  No claim was filed by Tentory or any other individual.  On April 25, 2007, the government filed a motion for entry of a default decree of forfeiture which this Court granted on May 1, 2007.

Tentory, through counsel, has now filed a motion to vacate the entry of default and default judgment.  Paper No. 5.  Tentory's counsel, Mr. Bailey, opines that it was Tentory's cash that was used to purchase the vehicle and, accordingly, asserts that Tentory therefore holds equitable title.  Bailey explains that, because of Tentory's immigration status, she was unable to register the Mustang in her name and instead, had a third party, Marcos Cintron Sosa, register it in his.  Tentory claims that Gonzales-Villa's only connection with the vehicle was advising her of its mechanical, operational, and physical condition when she was considering its purchase.

Under Rule G(5) of the Supplemental Rules, a person asserting an interest in defendant property must submit a claim stating the individual's interest in the property, signed under penalty of perjury, and served on the designated government attorney.  Supp. R. G(5)(i).  Where notice was published but no direct notice was sent to the potential claimant, the claim must

---

any person who reasonably appears to be a potential claimant on the facts known to the government."

be filed within 30 days of the final publication of newspaper notice.  Supp. R. G(5)(a)(ii)(B).[2]  Thus, a claim should have been filed on or before April 4, 2007.

As the government notes, Tentory has yet to file a claim, despite more than adequate time to do so.  Even after the

---

[2] Where the potential claimant is provided direct notice, the claim must be filed by the time stated in that notice.  Supp. R. G(5)(a)(ii)(A).  The Court notes that the government's notice does not provide the clearest guidance as to the deadline for filing claims.  The notice sent to Bailey stated that if Tentory wished to assert a claim, "she must do so within the time periods set forth in 18 U.S.C. section 983, in Rule G of the [Supplemental Rules], and in Local Admiralty Rule (c) of the U.S. District Court Rules for the District of Maryland.  Mot. for Default, Ex. A.  Section 983 provides that a claim in a civil forfeiture proceeding "may be filed not later than the deadline set forth in a personal notice letter (which deadline may be not earlier than 35 days after the date the letter is mailed), except that if that letter is not received, then a claim may be filed not later than 30 days after the date of final publication of notice of seizure."  18 U.S.C. § 983(a)(2)(B).  Unfortunately, the government's letter did not set forth a deadline.  Rule G, as noted above, simply states that "the claim must be filed . . . by the time stated in a direct notice sent under Rule G(4)(B)."  Supp. R. G(5)(ii)(A).  The only claim deadline mentioned in Local Rule (c), a rule governing in rem actions under Supplemental Rule C, provides that "[a] person asserting ownership interest in the property or a right of possession pursuant to Supplemental Rule C(6) must file a statement of such interest with the Clerk and serve it on the attorney for the plaintiff within 10 days after publication."  LAR (c)(2)(e).

While the government's notice was less than helpful, it is Tentory's apparent position that the letter to Bailey did not constitute direct notice to her, regardless, because Bailey was not representing her in this forfeiture matter at the time he received the letter.  Bailey states in the motion to vacate that, at that time, he was representing Tentory only in her immigration removal proceedings.  He had just agreed to represent her in this matter when he learned that the Court had entered the default judgment.

3

government highlighted this deficiency in its opposition to the motion to vacate, Tentory has not filed the requisite claim nor asked for an extension of time in which to do so.  Thus, the Court concludes that Tentory's motion must be denied.  See United States. v. Currency $267,961.07, 916 F.2d 1104, 1106 (6th Cir. 1990) (noting that claimant who fails to strictly comply with the requirements of Supplemental Rule c(6) lacks statutory standing to challenge a forfeiture action); United States v. Thirty-Five Firearms, 123 Fed. Appx. 204, 205 (6th Cir. 2005) (affirming district court's determination that the failure to file a timely verified claim precluded potential claimant's right to contest the forfeiture action).[3]  A separate order will issue.


                                    /s/
                              William M. Nickerson
                              Senior United States District Judge

Dated: June 7, 2007

---

[3] The Court notes further that, were Tentory to submit a verified claim swearing to the allegations contained in her motion to vacate, the claim would be insufficient.  Tentory admits that she does not have legal title to the vehicle.  At best, she has an unsecured claim against Cintron Sosa for the cash she allegedly contributed for its purchase.